STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LOUIS FIORE AND CIRO MATARAZZO, PLAINTIFFS IN ERROR.

Submitted July 3, 1919—Decided November 5, 1919.

1. The rule is established that counsel cannot take the chance of testimony making in his favor, and if it happens to be adverse, then interpose an objection.
2. It is not legally objectionable for a trial judge to express to the jury his opinion as to the grade of the prisoner's crime under the evidence, in case the jury shall find the prisoner guilty.
3. It is not open to the jury, in a case of criminal homicide, to find the prisoner guilty of manslaughter or assault and battery when the record is barren of any proof tending to support such a finding. It is not error for the trial judge to so state in the charge to the jury.

---

On writ of error.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the state, *Pierre P. Garven.*

For the plaintiffs in error, *J. Victor D'Aloia* and *Carl Abruzzese.*

The opinion of the court was delivered by

BLACK, J. The plaintiffs in error, Louis Fiore and Ciro Matarazzo, with James Devlin and others, were indicted by the Hudson county grand jury for the murder of John Joyce on the evening of October 28th, 1918. They were tried in the Hudson Oyer and Terminer. The two defendants named and James Devlin were found guilty of murder in the second degree. The others were acquitted. The two defendants prosecute their writ of error to review the judgment against them. The whole record is brought up under the one hundred and thirty-sixth section of the Criminal Procedure act. The assignments of error and the specifications of causes for reversal are identical. There are ten of each. But by a stipulation, in writing, the counsel have confined the argument to the first, seventh and eighth.

Succinctly stated the essential facts are as follows: The defendants were engaged as pickets in a garment workers' strike, in the city of Newark. The deceased, John Joyce, was, or was believed by the defendants to be, a strike breaker, having at the time of his death been employed as a tailor in a clothing manufactory in Newark. On the evening of October 28th, 1918, the defendants met in Newark, with a number of strikers, at about the time when the garment workers were leaving their places of employment, at the end of the day's work. Joyce, the deceased, was pointed out to the defendants by a number of strikers and the defendants were told to "go after that man; he lives in Jersey City." Accordingly, they followed Joyce. They boarded the same tube train with him at Newark; when he left the train at the Grove street station, in Jersey City, they did likewise. The three defendants named followed Joyce for a distance of two or three blocks, when Devlin hastened ahead of his two companions and from behind struck Joyce on the head with a piece of iron pipe, which Ciro Matarazzo, the defendant, purchased that afternoon in company with the other two defendants and which had been provided for the purpose. Fiore and Matarazzo knew that Devlin had possession of the iron pipe. They knew that it was purchased and intended for use in doing

violence to Joyce. Nine days after Joyce died as the result of injuries to his head inflicted by the blow.

The first error alleged is in admitting in evidence a photograph of the body of the deceased. The record shows that the photograph was identified and marked for identification, when the counsel for the defendant cross-examined the witness, making direct use and references in his cross-examination to the photograph itself. The court will not permit counsel to speculate in the use and introduction of evidence, and if it happens to be adverse then interpose an objection. *Cunningham* v. *State,* 61 *N. J. L.* 67; *State* v. *Hummer,* 73 *Id.* 714. After this, Dr. John H. O'Neill, a witness for the state, who had known deceased "very well," and who had been his physician for a "number of years," testified that the photograph was a true representation of the body of John Joyce. It was then admitted in evidence. This ruling of the trial court in admitting the photograph was not error.

The stress of the argument of the defendants, however, is aimed at the trial judge's charge to the jury and that part of it in which he said:

"Many of the facts in this case are not the subject of any dispute, and, therefore, I wish to instruct you that there can be no verdict in this case of either manslaughter or assault and battery, for the reason that the testimony is harmonious on the point that there was no sudden outburst of passion which would be necessary to reduce the offence to manslaughter; and the evidence is also undisputed that the defendant Devlin, who was the actual perpetrator, provided himself with a deadly weapon in order that he might secure for himself the advantage in the event of any combat arising. This harmonious evidence precludes any verdict of manslaughter. Neither can there be any verdict under the count charging assault and battery, because the evidence is undisputed that the killing of Joyce resulted from the use of a deadly weapon employed in a deadly manner, and, therefore, your verdict must relate either to one of the degrees of murder in this case, or else it must be a verdict of acquittal."

An examination of the record amply demonstrates that the above statement by the trial judge in the charge to the jury was accurate. The state's case bearing on the circumstances attending the assault of Joyce is found in the voluntary confession of the three defendants, James Devlin, Louis Fiore and Ciro Matarazzo. They substantially agree. They each testified on the defence, with no material difference. Devlin, the defendant who committed the assault, was the only eye witness, but there was little or no variation from the details, which led up to the assault, as testified to by each of the defendants. In this state of the evidence, the trial judge was justified in charging the jury as he did, as was pointed out in the case of *State* v. *Pulley,* 82 *N. J. L.* 579, 584. The complete answer to the contention of the defendants' counsel is, if they had been convicted either of manslaughter or assault and battery, such a finding would rest, not upon any proofs in the cause, but upon mere conjecture. This could never be accepted as a fulfillment by the state of its obligation to satisfy the jury beyond a reasonable doubt, by the proofs in the cause, that death was produced by the criminal act of the defendants. This is in harmony with all the cases in our courts on this point. *State* v. *Biango,* 75 *Id.* 284; *affirmed,* 79 *Id.* 523; *Genz* v. *State,* 58 *Id.* 482; *State* v. *Moyniham, ante p.* 253; *State* v. *Valentina,* 71 *N. J. L.* 552; *State* v. *Agnesi,* 92 *Id.* 638. This disposes of all the assignments and specifications in the cause argued by the defendants' counsel.

Finding no error in the record, the judgment is therefore affirmed.